IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

EDWARD D. JARMIN                 )
and LOIS E. JARMIN,              )
                                 )
            Plaintiffs,          )    TC-MD 180089G
                                 )
      v.                         )
                                 )
DEPARTMENT OF REVENUE,           )
State of Oregon,                 )
                                 )
            Defendant.           )    **FINAL DECISION OF DISMISSAL[1]**

This matter came before the court on its own motion to dismiss following Plaintiffs'

failure to appear at two telephone proceedings.

Plaintiffs first failed to appear for a telephone hearing set for April 23, 2018. Plaintiffs'

representative explained his absence by stating that he had failed to remember the hearing while

on "a two week break following the extra heavy tax deadline work load." The court rescheduled

the hearing for May 23, 2018.

After Plaintiffs failed to appear on May 23, the court issued its Order to Show Cause.

That order required Plaintiffs show cause why this case should not be dismissed pursuant to Tax

Court Rule–Magistrate Division (TCR–MD) 21. The order indicated that Plaintiffs might do so

by showing some circumstance justifying their absence from the second telephone hearing.

Plaintiffs' representative responded to the court's order and gave three reasons for

missing the second hearing. First, he implied attending telephone hearings was particularly

difficult because such a hearing was "a one-chance call when compared to ordinary telephone

---

[1] This Final Decision of Dismissal incorporates without change the court's Decision of Dismissal, entered June 15, 2018. The court did not receive a statement of costs and disbursements within 14 days after its Decision of Dismissal was entered. *See* Tax Court Rule–Magistrate Division (TCR–MD) 16 C(1).

calls * * * because of the nature of several parties to be present on telephones at the same time." Second, he stated that May 23 "was during the period of our heavy workload to prepare extensions for clients, which follows the tax returns deadline workload." Third, he stated "there was absolutely no reason to intentionally avoid such a simple task as a telephone appearance for a telephone hearing, and the failure to appear was not the result of neglect or lack of responsibility." Plaintiffs' representative promised that if another telephone hearing were scheduled he would "establish a method and procedure whereby there will not be another failure to appear for the telephone hearing."

None of the three reasons related by Plaintiffs' representative is good cause for missing a telephone hearing. Plaintiffs' observation that telephone hearings differ from "ordinary telephone calls" in that multiple parties must be present at the same time is generally applicable to any kind of meeting, whether over the telephone or not. Rather than justifying absence from a hearing, the need for multiple parties to coordinate underscores the importance of dialing in at the appointed time. The heavy post-tax-season workload of Plaintiffs' representative, while possibly explaining his absence, does not justify it. Availability for court proceedings is essential to conducting litigation, and all parties and representatives must find a way to manage their workloads. Finally, the statement of Plaintiffs' representative that his absence was not due to neglect is inconsistent with his admission that his office lacked an established procedure for ensuring telephone appointments were kept. If Plaintiffs' representative did not intentionally miss the case management conference, it must be said he did "not give proper attention or care to" ensuring his attendance—the definition of neglect. *Webster's Third New Int'l Dictionary* 1513 (unabridged ed 2002)."

Plaintiffs' response to the court's Order to Show Cause shows their failure to appear at

the second case management conference was due to neglect rather than an extenuating circumstance. Plaintiffs must bear the responsibility for their representative's actions before the court. *See* ORS 305.230(3). The court dismisses this case without prejudice, meaning that Plaintiffs are free to file again within the time permitted by statute.[2] Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiffs' Complaint is dismissed.

Dated this ____ day of July, 2018.

POUL F. LUNDGREN
MAGISTRATE

*If you want to appeal this Final Decision of Dismissal, file a complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within <u>60</u> days after the date of the Final Decision of Dismissal or this Final Decision of Dismissal cannot be changed. TCR-MD 19 B.*

*This document was signed by Magistrate Lundgren and entered on July 5, 2018.*

---

[2] ORS 305.280(3) provides an extended period of limitations for taxpayers who pay their assessed tax, penalties, and interest.